Good morning, Your Honors. I'm John Ulan for the appellants. This appeal challenges the district court's decision to grant summary judgment for Phoenix Fibers after excluding nearly all of the evidence that plaintiffs submitted in opposition. Phoenix Fibers' lead arguments on appeal are waiver and invited error. But those doctrines should not bar consideration of this appeal, and that's because the district court's ruling constituted plain error, and it presents legal issues that this court has discretion to hear in the first instance. Can I just ask, did you file any opposition or response to the Phoenix Fibers' evidentiary objections to the evidence? We did not respond to the evidentiary objections in the district court, Your Honor. And you had seven months to do so. Why was there no response to the objections? I apologize for interrupting. We were cognizant of the central district of California's local rule 710, which prohibits the filing of responses to reply papers. We also believed that if the district court felt there was substance to these objections, we didn't think there was, but if the court felt there was substance to the objections, we'd have the opportunity to respond to those. You had seven months to respond to the objections. Well, we had a district court local rule that prohibited responses to reply papers, and we believed we'd have an opportunity to reply at a hearing. Well, not to objections. The rule doesn't prohibit you from responding to objections. There is no provision for response to objections in the local rules. If I may, Your Honor, the Seventh Circuit actually has addressed exactly this scenario in two cases. Smith v. Bray in our papers is one of them, addressing the scenario where objections come in on reply to evidence submitted in support of an opposition. And the Seventh Circuit in Smith v. Bray held that because surreply papers are disfavored, that because there was no provision in the local rules for a surreply, the non-response to objections did not waive the ability to appeal from rulings on those objections. And in a subsequent case decided last year, Annan v. CNA Industrial America, which is at 878 F3rd 590, the Seventh Circuit clarified its rule that if there is no affirmative provision for surreplies, there is no waiver of non-response to objections in the district court. The matter cited was the Rule 56 obligation to show that once there's been evidentiary objections to plaintiff's evidence, the burden is on you to show that the material is admissible as presented or to explain the admissible form that is anticipated. And you did not do anything to satisfy that burden. Well, I would take issue with your last statement, Your Honor. So first of all, Rule 56C does not provide a procedure for responding to objections. The language that you quote and Judge Hatter quoted is in the advisory notes, but the advisory notes also don't tell us the order in which showing that the evidence would be admissible at trial is to happen. But this isn't something new. I mean, this kind of procedure has been going on for the Central District since way before I even was a law clerk in the Central District. I mean, if one side is objecting, you have to file a response to the objections. I don't understand how somehow you think that that's not the appropriate procedure under Rule 56. Again, I'm apologizing for interrupting. In the first instance, the advisory committee notes indicate that the party who's proffering the evidence must show that that evidence can be presented in admissible form at trial. We would submit that we did that by submitting to the district court evidence that on its face is admissible, demonstrates that it's admissible at trial. He didn't seem to agree with you that it was. Did you seek reconsideration? We did not have a valid basis for reconsideration under the Central District's local rules. There are three headings for reconsideration, and this case did not fit any of them. Counsel, I think we started off your argument by saying the reason why you couldn't respond initially was because there's this local rule that you interpret to prohibit that, correct? Procedurally, that is correct, Your Honor. I'm looking in your brief, and I don't see that local rule cited anywhere. This is an argument that we did not advance in our brief. That's correct, Your Honor. That's why I don't have the local rule. Right. So I think there's kind of a recurring issue in this case where briefing schedules are set, no arguments are made, and then it's ready to decide something, and then all of a sudden there's a new argument sprung on us. I mean, this local rule issue I don't think was briefed. I don't – that's why I was – I had a blank face. I was kind of hoping one of my colleagues would hit me on the head and say, hey, you know, Owens, you know, yeah, no, it's covered in the briefs, and it's not. So why isn't that argument waived to this court? The argument is subsumed, I believe, Your Honor, in our argument that we sufficiently responded to the district court. Obviously, there are other arguments that we've raised in our papers. This is a different – this is a very different argument because I don't even have the local rule that you're talking about. What number is that local rule? It's local rule 7-10. Okay. But I may or may not be looking at it, but ordinarily the rule is if you don't raise something in your opening brief, it's waived. And, Your Honor, I believe this is also raised in our citation and discussion of the Smith v. Bray case. And, obviously, I will concede it's not elaborated as excessively as I am here, but. Something went wrong in this case because the judge even extended three months. When I went in after I read all this to discuss this with my law clerks, I just said, what happened? This is – you know, something went terribly wrong that there was no response here, no proper response. Is there – I mean, is it true that you are relying on this local rule? Your Honor, number one, yes, it is true. Then I don't understand why it isn't in the brief if it's true. And number two, to the advisory committee notes that Judge Hatter cited and Your Honor noted, the advisory committee notes state the general rule that as people who proffered the evidence, the party that proffered the evidence, we were obligated to show that the evidence could be presented in admissible form at trial. Our position, as stated in our papers, is that we did that by presenting to the court evidence that on its face could be presented in admissible form at trial, notably deposition testimony from witnesses who were on the joint witness list. That was from reviewing the content of the evidence, which the court did not do. It reviewed its form and not its content. Both could be authenticated as a deposition transcript, but also could be delivered as testimony at trial. I might add just one point in terms of whether the issue can be reviewed by this court. At all events, this court can review what Judge Hatter did for plain error. And in- Isn't what he did something that's well within a district court judge's discretion? Not in this instance, Your Honor. With respect to especially the deposition transcripts and the e-mails that were before him, he excluded that evidence as unauthenticated, not meeting the standards of Rule 901. That's not an available objection at summary judgment. But he said you didn't submit the signed certification of the court reporter. That's correct. So, first of all, that's simply a finding that the deposition transcripts were unauthenticated. It's not a finding that the evidence could not be presented in a form that would be admissible at trial. That was an objection that was never made and, therefore, one that we didn't have an obligation to respond to because it was never raised. So all of this gets down to sort of the potential conflict between the Orr v. Bank of America case and Rule 56 as amended in 2010, right? So my question to you is what is your position on what is left of the authentication requirement on summary judgment that was articulated in Orr v. Bank of America after the 2010 amendments to Rule 56? The court, the district court is obligated to consider if the Rule 56c objection is raised, whether the evidence could be presented in admissible form at trial. That never happened in this case. Unauthenticated evidence, evidence that doesn't satisfy Rule 901, can be objected to at trial, but it's not a valid basis to exclude it at summary judgment. The evidence still must be considered if it could be presented in admissible form at trial. So essentially what you're saying is the 2010 amendments to Rule 56, subsection c particularly, somehow change that statement in Orr that the court can only consider authenticated evidence on summary judgment. In fact, the Romero case out of this circuit indicates that authentication is no longer a requirement at summary judgment in light of the Rule 56c amendments. That's why what the judge did is plain error. It's why this court should review and reverse what the judge did and not allow Phoenix Fibers to get away without any review of the substantive claims or the evidence against it in a case in which they deliberately violated a contract to shred the second quality genes that were sent to them, sold them into the market against our client's wishes, and lied about it when they were confronted. They should be forced to address the claims on the merits. Summary judgment should be addressed on the merits and not resolved on a technicality, which is what happened here. All right. Thank you, counsel. Thank you, Your Honor. Thank you. Good morning, Your Honors. Mary Christine Sangaila of Haines and Boone on behalf of the appellee, Phoenix Fibers. As the court pointed out, plaintiffs had seven months to respond to well-founded authentication and hearsay objections raised by my client, Phoenix Fibers, to the evidence plaintiffs produced to oppose the summary judgment motion. They never did. They could have easily done so in an amended opposition to the motion that Judge Hatter gave them the opportunity to file. That fact here renders irrelevant the local rule argument that counsel was just making. In this particular case, local rule or no local rule, in this case, Judge Hatter said I am holding off on ruling on the summary judgment motion to allow you to take additional depositions that you want and gave plenty of time to do that. And after that happens, you can file an amended opposition. They never took the depositions and they never filed the opposition. Where does he say that? Where in the record is his statement that giving them the opportunity to file an amended opposition? I don't have that right at my fingertips right now. But that is the reason this was so delayed, is that there were several months that he gave them three, there were three months in order to file the amended opposition and take the depositions. And so in that amended opposition, they could have explained either how their evidence is admissible now or how the evidence could have been made admissible at trial, and that's what's required under FRCP 56. Plaintiffs have acknowledged in their reply brief that if these objections were properly made, and they were, it was their burden to respond to them and to rescue their claims from summary judgment. And they should not be allowed to argue to this court for the first time why those objections are not fatal to their case. And counsel, it looks like in response to Judge Wardlaw's question, I believe it's at ER 208 where Judge Hatter on March 23, 2017, orders after completion of discovery, plaintiff may file an amended opposition brief to defend its motion for summary judgment by June 19, 2017. Is that what you're referring to? That is correct. And was that brief filed? No brief was filed. Okay. The other implication of a plaintiff's argument is that Judge Hatter should have been required to do their work for them, essentially be a co-plaintiff's lawyer. I think we have a phrase in our case law, something like be a pig searching for truffles. Yes, searching for truffles, yes, exactly. And that's the In Re Oracle Court decision from this court in 2010. And so that is still good law, that judges are not required to plow through the record to find reasons that evidence could be made admissible at trial. But isn't Oracle different? Because the issue in Oracle and the objections in Oracle were hearsay-type objections. And those are things that the court would have to comb through and try to understand if there would be a basis to overcome a hearsay objection. And that would take some truffle hunting in order to accomplish. But isn't it different when we're talking about a transcript, a deposition transcript, which is going to have the testimony that was presented at deposition by someone who is on the witness list? So we know that at trial they're going to show up for trial and that depo isn't going to get admitted. It doesn't matter if that depo is authenticated because that person is going to take the stand at trial. So we've got, I think, a qualitatively different type of objection here so that Oracle wouldn't apply based on the exclusion-type issue. Well, actually there were both authentication and hearsay objections in this case. So there were both types of objections made. Your question was directed to the deposition transcript. So there's three categories of evidence that Judge Hatter excluded, the depositions, the e-mails, and the declarations. So of the three categories, your question just relates to the deposition portion. Sure. So was the deposition testimony objected to on the basis of a hearsay? The deposition was authentication. Because it didn't have the reporter's transcript. Right. It did not have a certification. I'm sorry, the reporter's certificate. Right. And that was ORA versus Bank of America that said that you had to have the reporter's transcript or the reporter's certificate or the court could exclude it. Right. But ORA was before the 2010 amendment. And that was a question of the fact that it wasn't authenticated versus whether that testimony can be authenticated at trial. Right. But Rule 5060, the amendment, the 2010 amendment, also makes clear it's a minimal burden, but there is a burden that having filed the objection, then it is the responsibility of the plaintiffs to respond to that objection and either say it's admissible as it is or it could be made admissible at trial. And they could have made an argument, but they have never made an argument about how it could become admissible. Even here, counsel is arguing, well, it's admissible on its face. It's admissible as we presented it, which it is not. If you go through both the authentication requirements and the hearsay analysis, it's simply not admissible. So there was a requirement to explain how it would be made admissible at trial. So what is your position then? What is left of ORA? I'm going to ask you the same question that I asked opposing counsel. What is left of the ORA versus Bank of America authentication discussion post-2010 amendment? So I think that ORA remains in terms of the authentication requirements. The question then is, could you get out from under ORA by explaining how you could make it admissible at trial? Say, okay, yeah, we don't have the certificate here, but we're going to call this witness and the witness would testify to X, and we've solved the problem. It's not very much for them to have done, but they didn't do anything. And they still have never said that on appeal, how they would do that. So that would still require, it would still be very difficult for the trial judge to go through and do that, because, yes, there's pointing to a witness list. Well, which witnesses are you actually going to call? What is your strategy? What are you going to ask them? What are you going to put in the record from that witness? Those are all strategy calls from the lawyer, and to have the trial judge, you know, start going through there and try to figure out, well, if you did this, it would be admissible. But you haven't told me that you're definitely going to do that or how you're going to do that. So I think that it's something that explaining from in the 2010 amendment, explaining how you would present it in an admissible form is something that uniquely the lawyers can do and should be doing, and that's where the amendment puts the burden. So Judge Hatter did not abuse his discretion by excluding plaintiff's evidence in any event. He was required to rule on those admissibility and the evidentiary objections at the outset before reaching the merits. And as we discussed with the depositions, there were the certification and authentication problems. There were hearsay statements throughout the Kim and Choi declarations. The e-mails were purported to be authenticated by a lawyer who had not, a plaintiff's counsel who had lacked personal knowledge of them. All of those are well within sort of standards with regard to evidence. Should we be concerned, though, that the district judge didn't sort of parse out what portions of the declarations he considered and what portions were not considered? It was sort of a lump discussion of that as hearsay or otherwise inadmissible. Should that concern us? No. I think that the inference from that is that he ruled favorably on all of the objections that were presented with regard to those documents and then concluded that the rest that was left really did not help in terms of raising a travel issue. So I think that's the appropriate inference from the order. He just gave a couple of examples of those. All right. Thank you, counsel. Thank you. I'll give you one minute. Thank you, Your Honor. Four brief points. First, in United States v. Perez, this court indicated that plain error review is available when the party seeking that review did not propose the erroneous action by the district court. My clients did not propose the erroneous action by the district court. Plain error review remains available to this court. Secondly, with respect to the objections that were raised and ruled on, hearsay was not raised with regard to the deposition transcripts and it was not addressed with regard to the e-mails. The only ground for excluding the e-mails and the deposition transcripts was authentication, which after the amendment to Rule 56C in 2010 is no longer available. Third, the Orr case recognizes the rule that where a document is authenticated for one party, it's authenticated for all. There are four depositions as to which there were reporter certificates submitted by Phoenix Fibers authenticating those deposition transcripts, and that those transcripts were also submitted by my client and should have been considered, considering the Kim and Song depositions alone would provide sufficient evidence to defeat summary judgment on both claims. And then finally, Ms. Sangaila indicated that the judge's silence with respect to how he ruled and what issues he ruled on in the deposition should be read to mean that he granted all of the objections that Phoenix Fibers raised. In fact, they sought clarification from the judge to say, please indicate which objections you ruled on and gave him a checklist that he could check off. In fact, they checked the boxes to indicate which objections were granted and denied. He denied that request for clarification and refused to sign the clarification. So we are left wondering what statements come in and what statements came out in the declarations and the notion that because he didn't speak to other specific objections, he must have granted them is exactly wrong. The court said otherwise below. All right. Thank you, counsel. Sweet People Apparel v. Phoenix Fibers will be submitted.
judges: Wardlaw, Owens, Dorsey